```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEANNA ENGLISH,                      :
                                     :CIVIL ACTION NO. 3:16-CV-846
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
          v.                         :
                                     :
SOCIAL SECURITY ADMINISTRATION,      :
                                     :
          Defendant.                 :
                                     :
```
_____

**MEMORANDUM**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6).  In the accompanying brief, Defendant asserts the Complaint is properly dismissed because Plaintiff has not exhausted administrative remedies regarding her administrative request for reconsideration of a determination of overpayment of supplemental security income ("SSI") benefits and, therefore, the Court is without jurisdiction to consider this matter.  (Doc. 7 at 1-2.)  In response to Defendant's motion and supporting brief, Plaintiff filed a document titled "Brief in Opposition to Defendant's Motion to Dismiss" which is comprised of a cover page which contains the document title and a notation, "[p]lease find the attach [sic] documents as a response," and sixty-nine pages of documents related to her Social Security case. (Doc. 10 at 1-70.)  For the reasons discussed below, the Court concludes Defendant's motion is properly granted.

## I. Background

Defendant sets out the following background information:

On June 6, 2013, Plaintiff was notified
of an overpayment of supplemental security
income benefits (SSI). *See* Ex. 1 of Decl of
Kathie Hartt (hereinafter Hartt's Decl.).  On
July 31, 2013, Plaintiff filed a request for
reconsideration of the June 6, 2013
determination.  *See* Ex. 2 of Hartt's Decl.
On August 13, 2013, Plaintiff filed a request
for a hearing before a decision was made on
the reconsideration.  *See* Hartt's Decl. at ¶
3(b).  On September 8, 2015, the
administrative law judge dismissed the
request for hearing and remanded the case to
the Scranton District office for further
action because no reconsideration
determination had been made.  *See* Ex. 3 of
Hartt's Decl.

On April 29, 2016, the Appeals Council
denied Plaintiff's request for review of the
administrative law judge's dismissal and
forwarded the case to Plaintiff's local
office for a reconsideration determination on
the overpayment in question.  *See* Ex. 4 of
Hartt's Decl.  The Appeals Council notice did
not provide for further appeal of the
dismissal made by the administrative judge.
*Id.*

On May 11, 2016, instead of receiving a
decision on the overpayment and exhausting
administrative remedies, as the statutes
require, Plaintiff instituted a civil action
in this Court (Docket No. 1).

(Doc. 7 at 1-2.)

## II. Discussion

Based on the procedural background set out above, Defendant

maintains that this Court is without subject matter jurisdiction

"[b]ecause there has been no decision from the Agency regarding the

request for reconsideration, Plaintiff has not exhausted

administrative remedies, and there has not been 'final decision

2

after a hearing' in this case pursuant to the Social Security Act."
(Doc. 7 at 2.)  Plaintiff provides no substantive response to this
assertion.[1]  (*See* Doc. 10.)

Judicial review of administrative matters is governed by
statute and regulation and is subject to the general rule that
parties must exhaust agency administrative remedies before seeking
relief in federal court.  *See McCarthy v. Madigan*, 503 U.S. 140,
144-45 (1992).  42 U.S.C. § 405(g) addresses judicial review of
Social Security decisions and states in relevant part that

> [a]ny individual, after any final decision of
> the Commissioner of Social Security made
> after a hearing to which he was a party,
> irrespective of the amount in controversy,
> may obtain a review of such decision by a
> civil action commenced within sixty days

---

[1] Considering Plaintiff's responsive filing (Doc. 10) under
the liberal standard required for *pro se* filings by *Haines v.
Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that
Plaintiff's response, which is devoid of argument or assertion,
cannot be deemed a brief opposing Defendant's motion.  Therefore,
pursuant to Local Rule 7.6 of the Rules of Court of the Middle
District of Pennsylvania, Plaintiff is deemed not to oppose the
motion.  However, before dismissing a case based on failure to
comply with a local rule, the Third Circuit Court of Appeals has
directed that the Court should consider the factors set out in
*Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863, 868 (3d
Cir. 1984), *see*, *e.g.*, *Comodyne I, Inc. v. Corbin*, 908 F.2d 1142,
1148 (3d Cir. 1990); *see also Xenos v. Hawbecker*, 441 F. App'x 128,
131 (3d Cir. 2011) (not precedential).  The *Poulis* factors are (1)
the extent of the party's personal responsibility; (2) prejudice to
the adversary; (3) any history of dilatoriness; (4) whether the
party acted willfully or in bad faith; (5) the availability of
alternative sanctions; and (6) the meritoriousness of the claim or
defense.  *Poulis*, 747 F.2d at 868.  Because Defendant's argument is
jurisdictional, it should be addressed as a threshold matter and
the court will not first engage in an analysis of relevant *Poulis*
factors.

> after the mailing to him of notice of such
> decision or within such further time as the
> Commission of Social Security may allow.

42 U.S.C. § 405(g).  Section 405(h) makes clear that this is the

exlcusive basis for judicial review of Social Security cases with

the proviso that "[n]o findings of fact or decision of the

Commissioner of Social Security shall be reviewed by any person,

tribunal, or governmental agency except as herein provided."  42

U.S.C. § 504(h).

The definition of "final decision" which follows a hearing and

triggers the availability of federal review is set out in 20 C.F.R.

§ 416.1400(a), and includes the claimant's obligation to pursue

administrative appeal rights in accordance with the regulations, 20

C.F.R. § 416.1405, .1421, .1455. .1481.  Section 422.210

specifically states that

> [a] claimant may obtain judicial review of a
> decision by an administrative law judge if
> the Appeals Council has denied the claimant's
> request for review, or of a decision by the
> Appeals Council when that is the final
> decision of the Commissioner.  A claimant may
> also obtain judicial review of a reconsidered
> determination, of a decision of an
> administrative law judge, where, under the
> expedited appeals procedure, further
> administrative review is waived by agreement
> under §§ 404.926, 410.629d, or 416.1426 of
> this chapter or 42 C.F.R. 405.718a-e as
> appropriate.

20 C.F.R. 422.210(a).

Defendant argues that "[s]ince Plaintiff has not received a

decision on her request for reconsideration, Plaintiff has not

4

received a final decision after a hearing and therefore, has not
exhausted administrative remedies and obtained a judicially
reviewable 'final decision after a hearing.'" (Doc. 7 at 5 (citing
20 C.F.R. § 416.1400(5)).) On this basis, Defendant maintains that
the Complaint should be dismissed for lack of jurisdiction because
Plaintiff has not exhausted the administrative process. (*Id.*)

Defendant has presented evidence supporting the administrative
procedural posture of this case. (Doc. 7-1.) Plaintiff has
presented no argument or evidence that she has exhausted the
administrative process. (*See* Doc. 10.) Materials submitted by
Plaintiff include the April 29, 2016, Notice of Appeals Council
Action in which the Council indicates it is forwarding the case to
Plaintiff's "local office for a reconsideration determination on
the overpayment in question." (Doc. 10 at 32-33.) Clearly this is
not a final decision of the Agency which would allow judicial
review. Though the Court is sympathetic to the complicated scheme
governing Social Security cases and the length of time it often
takes to move through the required process, both Plaintiff and the
Court must act within the relevant legal framework and this case
cannot proceed in the absence of jurisdiction. Because the Agency
has not reached a final decision in the overpayment matter raised
by Plaintiff, the Court must conclude that Defendant correctly
argues that the case must be dismissed for lack of subject matter

jurisdiction.

### III. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6) is granted and this case is dismissed.  An appropriate Order is filed simultaneously with this Memorandum.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: October 17, 2016